UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| S.B., Parents of a child with a disability,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO STATE BOARD OF EDUCATION; IDAHO STATE DEPARTMENT OF EDUCATION; and BUHL JOINT SCHOOL DISTRICT NO. 412,<br><br>Defendant(s). | Case No. 1:25-cv-00024-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the court is Idaho State Board of Education's Motion to Dismiss. Dkt 7. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In the spring and fall of 2023, S.B.'s child, D.H., was issued several trespass warnings following alleged violations of the Buhl Middle School Code of Conduct and, later, the Buhl High School Code of Conduct. *Complaint* at ¶¶ 34–42, 52–57, Dkt. 1. Although the behavior that violated of the codes of conduct was later

**MEMORANDUM DECISION AND ORDER - 1**

determined to be the result of D.H.'s disability, the trespass warnings were not rescinded and D.H. missed a significant amount of school. *Id.* at ¶¶ 43–44, 54. In August 2024, S.B. filed a request for a due process hearing pursuant to the Individual with Disabilities Education Act, or IDEA for short. *Id.* at ¶ 69. This case was assigned Case No. H-24-08-19a. *Id.* at ¶ 70.

In September 2024, the Department of Education found that the Buhl Joint School District denied S.B. a "free and appropriate public education." *Id.* at ¶¶ 73–74. D.H. returned to school in October 2024 and was almost immediately found in violation of the Buhl High School Code of Conduct and was suspended for two days. *Id.* ¶¶ 81–83. Buhl High School did not conduct an "manifestation determination review," also known as an MDR, before suspending D.H. *Id* at ¶¶ 86–87. A day after the suspension, S.B. filed a request for an expedited due process hearing. *Id.* at ¶ 89. This claim was assigned case number H-24-10-24a. *Id.* at ¶ 91. Following a third disciplinary suspension in November, S.B. filed a third request for a due process hearing, which was assigned case number H-24-11-07a. *Id.* at ¶¶ 96–99. S.B. now alleges the hearing officer committed several errors in the second two proceedings and that they are entitled to attorneys' fees for all three proceedings.

Accordingly, in January 2025 S.B. filed the present action appealing those

**MEMORANDUM DECISION AND ORDER - 2**

decisions as well as alleging a § 1983 claim and a procedural due process claim against the District, the Department of Education, and the Board of Education. The Board now moves to dismiss all claims against it. Dkt. 7. S.B. did not file any response to the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.

## ANALYSIS

The Board argues they should be dismissed from this action because they were not a party to the original due process hearing and S.B. has not stated a §

1983 or procedural due process claim against it.[1] Dkt 29. The Court will take each argument in turn.

### A.     The Board was Not a Party to the Due Process Proceeding

First, the Board argues that it cannot be joined in this action because it was not a party to the IDEA hearing. When parents are unsatisfied with "the adequacy of the education provided, the construction of a student's Initialized Education Plan, or some related matter, IDEA provides procedural recourse, including a meeting with a hearing officer." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 525 (2007). IDEA further provides that "[a]ny party aggrieved by the [hearing officer's] findings and decision . . . [has] the right to bring a civil action with respect to the complaint." 20 U.S.C. § 1415(i)(2)(A). In general, parties may only be added on appeal if their joinder would not have affected the outcome of the litigation. *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952). Courts have applied this principle to appeals of administrative proceedings by limiting appeal proceedings to the parties included in the administrative complaint. *Horen v. Bd. of*

---

[1] To avoid any confusion, this order applies only to the Board of Education. S.B.'s amended complaint joined both the Board and the Department of Education as defendants. The Department of Education has not moved to dismiss and, indeed, has not yet appeared in this action.

**MEMORANDUM DECISION AND ORDER - 4**

*Educ. of the Toledo City Sch. Dist.*, 568 F. Supp. 2d 850, 856 (N.D. Ohio 2008).

Here, S.B.'s complaint seeks review of two decisions by the hearing officer. Specifically, S.B. seeks a review of the decisions and orders entered in H-24-10-24a and H-25-11-07a. The Board, however, was not a party to the administrative proceeding. There is no factual record of the Board's conduct in this case. Adding the Board as a party now, on appeal, may require consideration of issues not addressed by the hearing officer and improperly result in the Court reviewing new issues. *Horen*, 568 F. Supp. 2d at 855. Moreover, at least on the issue of attorney's fees, state agencies cannot be held liable for attorney fees in due process proceedings where they were not a party. *John T. ex rel. Robert T. v. Iowa Dep't of Educ.*, 258 F.3d 860, 866 (8th Cir. 2001). Accordingly, the Board was not a party to the administrative proceeding and may not now be joined to this appeal proceeding.

It is somewhat unclear from the Complaint whether claims 1 and 2 appealing the hearing officer's decisions are in fact brought against the Board. Nonetheless, the Court will dismiss claims 1 and 2 against the Board without leave to amend because there are no factual allegations that could cure the deficiencies in the complaint. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**MEMORANDUM DECISION AND ORDER - 5**

### B. The Complaint Fails to State a Claim under § 1983

Next, the Board argues that S.B. cannot bring a § 1983 claim against the Board because it is not a "person." To state a claim under § 1983, a plaintiff must allege the violation of a federally protected right by a person acting under the color of state law. *West v. Atkins*, 47 U.S. 42, 48 (1988). Importantly, states are not considered persons for purposes of § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). The Board is an arm of the state, Idaho Code § 33-101, so no § 1983 can lie against it. *See Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992).

Moreover, as an arm of the state, the Board is immune from suit under the Eleventh Amendment. *Id.* The Eleventh Amendment provides sovereign immunity to states and state entities unless the state has expressly waived sovereign immunity, congress has abrogated state sovereign immunity pursuant to a grant of constitutional authority, or the *Ex Parte Young* exception applies. *Douglas v. Cal. Dept. of Youth Authority*, 271 F.3d 812, 817 (9th Cir. 2001). None of those exceptions are applicable here. The State has not waived sovereign immunity, congress has not abrogated such immunity, and this is not a "suit against a state official [seeking] prospective injunctive relief." *Id.* (cleaned up); *Paz v. Idaho*, No. 1:23-cv-00571-BLW, 2024 WL 2214155, at *2 (D. Idaho 2024). No additional

facts can cure these deficiencies, so the Court will not grant S.B. leave to amend. *See Cook, Perkiss and Liehe, Inc.*, 911 F.2d at 247.

### C. The Complaint Fails to State a Procedural Due Process Claim Against the Board.

S.B.'s final claim against the Board is for failure to provide procedural due process. This claim alleges the Board failed to implement rules for IDEA hearings, which denied S.B. due process. "To state a procedural due process claim, a plaintiff must allege '(1) a liberty of property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Fikre v. Federal Burau of Investigation*, 35 F.4th 762, 776 (9th Cir. 2022) (quoting *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (alternation in original)). S.B. has not alleged any of these elements in the Complaint and did not file any response explaining the basis for this claim.

That said, the Court it not convinced "beyond doubt" that no additional facts would cure the deficiencies in the Complaint. *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) It will, therefore, dismiss this claim against the Board with leave to amend.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED.**

**MEMORANDUM DECISION AND ORDER - 7**

2.  Claims 1, 2, and 3 against the Board of Education are dismissed without leave to amend. Claim 4 is dismissed with leave to amend.

3.  Any amended complaint must be filed within 21 days of this order.

DATED: July 1, 2025

_____
B. Lynn Winmill
U.S. District Court Judge